

ENTERED
CLERK, U S DISTRICT COURT

OCT 2 2 2007

CENTRAL DISTRICT OF CALIFORNIA
BY ___ DEPUTY

___ Priority
___ Send
___ Clsd
___ Enter
___ JS-5/JS-6
___ JS-2/JS-3

THIS CONSTITUTES NOTICE OF ENTRY
AS REQUIRED BY FRCP, RULE 77(d).

FILED
CLERK US DISTRICT COURT

OCT 19 2007

CENTRAL DISTRICT OF CALIFORNIA
BY ___ DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

ROBERT TUR d/b/a LOS ANGELES
NEWS SERVICE,

                    Plaintiff,

vs.

YOUTUBE, INC.

                    Defendant.

CV 06-4436 FMC (AJWx)

ORDER GRANTING PLAINTIFF'S
MOTION TO VOLUNTARILY
DISMISS COMPLAINT

This matter is before the Court on Plaintiff's Motion to Voluntarily Dismiss Complaint, Without Prejudice, Pursuant to Fed. R. Civ. P. 41(a)(2) (docket no. 104), filed on August 30, 2007.  The Court has read and considered the moving, opposition, and reply documents submitted in connection with the motion.   The Court deems this matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78; Local Rule 7-15.  For the reasons and in the manner set forth below, the Court hereby GRANTS Plaintiff's motion.

**FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

On July 14, 2006, Plaintiff Robert Tur ("Tur") filed this action for copyright infringement and unfair competition against Defendant YouTube, Inc. ("YouTube"), claiming that clips of his copyrighted video footage have been

1   uploaded to YouTube's website and viewed by and/or distributed to the public

2   without his authorization.   Tur seeks both damages and injunctive relief.

3        YouTube filed its Answer on October 11, 2006, denying many of the

4   allegations and asserting, *inter alia,* an affirmative defense under the "safe

5   harbor" provision of the Digital Millennium Copyright Act ("DMCA"), codified

6   at 17 U.S.C. § 512(c).  Shortly thereafter, on November 14, Plaintiff filed a

7   motion for summary adjudication, seeking a determination that YouTube did not

8   qualify for safe harbor protection.  YouTube responded by filing a summary

9   judgment motion of its own, seeking a ruling that it did so qualify.

10        In his Opposition to YouTube's motion, Tur made a request for a

11   continuance to conduct additional discovery, pursuant to Fed. R. Civ. P. 56(f).

12   On February 16, 2007, the Court granted that request and continued the hearing

13   on both motions until May 21, 2007.  Tur was ordered to file his Supplemental

14   Opposition to YouTube's motion on or before May 4, 2007.[1]

15        Although the Court never received any additional papers from Tur, it was

16   provided with a proposed brief on behalf of purported *amici curiae* Viacom

17   International, Inc. ("Viacom") and NBC, Universal, Inc. ("NBC"), in support of

18   Tur's Opposition.   The Court ultimately accepted the brief in the name of NBC

19   only, since Viacom is already engaged in litigation against YouTube in the

20   Southern District of New York (*Viacom Int'l, et al. v. YouTube, Inc. et al.* 07 Civ.

21   2103 (S.D.N.Y.)).   The Court continued the hearing date on both Tur's and

22   YouTube's motions once again, until June 18, 2007, in order to allow YouTube

23

24   ──────────────

25       [1]The initial briefing schedule and hearing dates for the motions were modified
  several times prior to Tur's filing of the Rule 56(f) request.  First, the hearing on Tur's

26   motion was continued from December 4, 2006 until January 29, 2007, pursuant to YouTube's
*ex parte* application. The hearing date for both motions was then continued from January

27   29 until February 26, 2007, due to the Court's own calendar requirements.

28

1    sufficient time to respond to NBC's arguments.

2         On June 14, 2007, Tur filed an *ex parte* application "For Contingent

3    Alternative Relief Re Defendant YouTube's Rule 56 Motion," requesting

4    postponement of any ruling on YouTube's motion to allow for additional time for

5    completion of discovery matters, in the event that Tur's motion was denied.[2]

6    Tur also expressed a desire to coordinate discovery in this case with that in the

7    *Viacom* action and a separate, putative class action, also pending in the Southern

8    District of New York, *The Football Association Premier League Limited, et al. v*

9    *YouTube, Inc. et al.,* 07 Civ. 3582 (S.D.N.Y., May 4, 2007).

10        The June 18, 2007 hearing on the motions for summary judgment took

11   place as scheduled.  At that time, Tur's counsel, Mr. Francis Pizzulli, again

12   represented to the Court that Tur was trying to "some way coordinate a discovery

13   with the class action" and/or "tag along" with that case.  (Volkmer Decl. Ex. A at

14   30:20-32:1.)  He also renewed his objections to YouTube's "stonewalling" of

15   discovery.  (*Id.* at 29:8-10.)  However, the Court informed him that the proper

16   forum for resolution of discovery disputes was before the magistrate judge. (*Id.* at

17   29:23-30:1.)

18        On June 20, 2007, the Court issued written orders denying both Tur's and

19   YouTube's summary judgment motions, without prejudice to their being refiled

20   on completion of discovery.  The Court determined that the evidence remained

21   insufficient to assess whether YouTube satisfied certain statutory requisites

22   under 17 U.S.C. § 512(c)(1)(B).  The Court proceeded to set the matter for

23   scheduling conference on August 6, 2007, at 9:00am.

24        The parties filed their joint Rule 26(f) Report on July 30, 2007.  In the

25   ───────────────────────

26        [2]Tur argued that he had been stymied in his efforts to conduct further discovery
     after entry of the Court's order granting his Rule 56(f) request, due to YouTube's
27   "obstructive strategies."

28                                            3

1   Report, Tur indicated a preference for delaying the entry of a scheduling order in

2   this case to allow for coordination of discovery with the New York litigation

3   (*Viacom* and *Premier League*). YouTube vehemently opposed this proposal.

4       Tur's counsel (Mr. Pizzulli) did not appear at the August 6 scheduling

5   conference.  However, a late appearance was entered by Bert Diexler of

6   Proskauer Rose LLP ("Proskauer"), the firm representing the prospective class

7   members in the *Premier League* action.  Mr. Diexler indicated that Tur had

8   asked Proskauer to "undertake his representation." (Volkmer Decl. Ex. B. at

9   7:3.) Mr. Diexler further indicated that Tur intended to join the *Premier League*

10  action as a named plaintiff and, accordingly, was desirous of a voluntary

11  dismissal from this Court. (*Id.* at 7:6-10.)  In response to Mr. Diexler's

12  statements, the Court proposed that Tur file a noticed motion for that relief (*id.* at

13  8:7-9), which he has now done.

14                      **STANDARD OF LAW**

15      Fed R. Civ. P. 41(a)(2) provides, in full:

16          (a) Voluntary Dismissal: Effect Thereof.

17              (2) By Order of Court. Except as provided in paragraph
                (1) of this subdivision of this rule, an action shall not be
18              dismissed at the plaintiff's instance save upon order of the
                court and upon such terms and conditions as the court
19              deems proper. If a counterclaim has been pleaded by a
                defendant prior to the service upon the defendant of the
20              plaintiff's motion to dismiss, the action shall not be
                dismissed against the defendant's objection unless the
21              counterclaim can remain pending for independent
                adjudication by the court. Unless otherwise specified in
22              the order, a dismissal under this paragraph is without
                prejudice.
23
    Fed. R. Civ. P. 41(a)(2) (2007).
24
25      The decision to grant a voluntary dismissal under Rule 41(a)(2) is

26  committed to the sound discretion of the district court. *See, e.g., Navellier v.*

27  *Sletten*, 262 F.3d 923, 938 (9th Cir. 2001) (citing *Sams v. Beech Aircraft Corp.*,

28                                  4

1   625 F.2d 273, 277 (9th Cir. 1980)).    However, the Ninth Circuit has repeatedly

2   advised that "[a] district court should grant a motion for voluntary dismissal

3   under Rule 41(a)(2) unless a defendant can show that it will suffer some plain

4   legal prejudice as a result." *Smith v. Lenches*, 263 F.3d 972, 975 (9th Cir. 2001)

5   (citing *Waller v. Fin. Corp. of Am.*, 828 F.2d 579, 583 (9th Cir. 1987); *Hamilton*

6   *v. Firestone Tire & Rubber Co.*, 679 F.2d 143, 145-46 (9th Cir. 1982)).    Legal

7   prejudice means "prejudice to some legal interest, some legal claim, some legal

8   argument." *Id.* (internal quotations and citation omitted).

9                                    **DISCUSSION**

10  **I.     Whether Tur is Entitled to a Voluntary Dismissal at This Stage of the**
            **Proceedings**

11

12          Tur predicates his voluntary dismissal request on the argument that the

13  prejudice suffered by YouTube as a result will be *de minimis.*  The Court agrees.

14          While Tur's litigation of this case has been inartful at times, it is still in its

15  earliest stages of discovery. Contrary to YouTube's assertions, this Court has

16  not yet issued any binding, dispositive orders, as the parties' motions for

17  summary judgment were denied solely due to lack of sufficient evidence.   For

18  this reason alone, this case is entirely distinguishable from *Kern Oil & Refining*

19  *Co. v. Tenneco Oil Co.*, 792 F.2d 1380, 1390 (9th Cir. 1986), where the party

20  seeking voluntary dismissal waited until after the entry of a *dispositive* ruling in

21  favor of the opposition.   YouTube's claims of similar, improper conduct on the

22  part of Tur are therefore misplaced.

23          YouTube's entire opposition to Tur's motion is fraught with additional,

24  personal attacks against Tur and his counsel for (1) forum-shopping; (2)

25  attempting to avoid discovery; and (3) serving as a "proxy for the Premier

26  League and its counsel Proskauer."  However, none of these accusations is

27

28                                          5

1   relevant to the underlying question of whether YouTube would suffer "plain

2   legal prejudice" as a result of voluntary dismissal at this time.   While blatant

3   forum shopping may be valid grounds to deny a Rule 41(a)(2) motion (*see, e.g.,*

4   *Kern Oil*), "plain legal prejudice does not result merely because the defendant

5   will be inconvenienced by having to defend in another forum or where a

6   plaintiff would gain a tactical advantage by that dismissal." *Smith,* 263 F.3d at

7   976 (citation omitted).  Tur has repeatedly indicated his desire to join in the

8   *Premier League* class action in order to legitimately facilitate the interests of the

9   putative class, through the unification of discovery and other pre-trial matters,

10   and Interim Class counsel have been transparent in their efforts to assist him.[3]

11   In addition, Tur made numerous attempts to coordinate discovery in this case

12   with that in the *Viacom* and *Premier League* actions, so as to avoid the need for

13   an outright dismissal and re-litigation in a different forum; YouTube has

14   rejected his coordination plans. (Pizzulli Reply Decl. ¶ 8.)

15        YouTube's remaining arguments concerning prejudice are equally

16   untenable.  First, YouTube insists that it will be prejudiced because the class

17   action will proceed at a slower pace than this litigation, resulting in increased

18   liability to YouTube if and when an adverse judgment is entered.  However,

19   YouTube's asserted interest in obtaining a quick resolution of this matter

20   appears to arise from its belief that it is more likely to prevail in this action than

21   in the class action, rather than from a legitimate fear of increased damages.

22

23        [3]Based on these facts, this case is strikingly similar to *Smith,* where the plaintiffs
24   sought to pursue a state law class action in lieu of federal claims for the same alleged
     wrongs, after an intervening change in law made the state law claims more likely to
25   succeed. *Id.* at 975.  The *Smith* court concluded that the plaintiffs were "entitled to
     abandon the federal class action and federal claims after deciding that litigation on
26   state law claims in state court was preferable for the interests of the class." *Id.* at 976.

27

28                                            6

1  Because Tur is seeking injunctive relief, an early, adverse judgment in this case
2  would force YouTube to change its practices more quickly, to its likely financial
3  detriment.  At the same time, YouTube's legal arguments and defenses against
4  imposing liability may be asserted with equal zeal in the New York lawsuits,
5  after full discovery, further obviating any claim of prejudice.  *Cf. Westlands*
6  *Water Dist. v. United States*, 100 F.3d 94, 97 (9th Cir. 1996) ("In this circuit, we
7  have stated that a district court properly identified legal prejudice when the
8  dismissal of a party would have rendered the remaining parties unable to
9  conduct sufficient discovery . . . and adequately defend themselves . . . .").

10       YouTube also asserts that it will be prejudiced if forced to litigate
11  elsewhere because Tur has made certain admissions in this lawsuit "that must
12  remain binding on him."  YouTube then refers to various admissions made in
13  Tur's Statement of Genuine Issues of Fact, filed in opposition to YouTube's
14  summary judgment motion.  However, these "admissions" all consist of simple
15  facts regarding YouTube's basic website operations, which YouTube should be
16  able to prove with extreme facility in the New York litigation, if necessary.

17       Finally, the parties devote a great deal of time and paper to complaining
18  about each other's behavior in connection with the limited discovery requests
19  propounded to date.  While the Court agrees that Tur did not make an exemplary
20  effort to pursue discovery after the granting of the Rule 56(f) request, the Court
21  cannot find that he was engaging in blatant, "dilatory tactics."   More
22  importantly, Tur's failure to conduct discovery has not prejudiced YouTube, but
23  rather has likely saved it from significant duplication of effort.   For this reason
24  and all of the others previously discussed, YouTube simply cannot make the

25

26

27

28                                            7

1    requisite showing of "plain legal prejudice" to avoid voluntary dismissal.[4]

2    **II.    Whether Dismissal Should Be Conditioned on Payment of Costs and**
3    **Attorneys' Fees to YouTube**

4            YouTube insists that it must be awarded attorneys' fees and costs as a

5    condition of any dismissal order.  While the Court has the power to issue such

6    an award, that power is circumscribed by the general rule that "a defendant is

7    entitled only to recover, as a condition of dismissal under Fed. R. Civ. P.

8    41(a)(2), attorneys fees or costs for work which is *not useful in continuing*

9    *litigation between the parties." Koch v. Hankins*, 8 F.3d 650, 652 (9th Cir.

10   1993) (citations omitted) (emphasis added); *see also Westlands,* 100 F.3d at 97

11   ("Here, if the district court decides it should condition dismissal on the payment

12   of costs and attorney fees, the defendants should only be awarded attorney fees

13   for work which *cannot be used in any future litigation of these claims*.")

14   (citations omitted) (emphasis added).

15           YouTube attempts to circumvent this precedent by arguing that it has

16   accumulated hundreds of thousands of dollars in fees and costs—$370,592 to be

17   exact—that "would not be useful in future litigation of Tur's claims." (Kramer

18   Decl. ¶ 20.)   The Court finds YouTube's arguments to be unpersuasive, both

19   because it cannot countenance the exorbitant amount of fees demanded and

20   because it is difficult to understand how the vast majority of work completed to

21   date will not be immediately transferable to the New York litigation.

22           As a threshold matter, YouTube has failed to submit any time records for

23

24   ———————————

25           [4]Contrary to YouTube's arguments, the facts of this case are not akin to those
     in *In Re Exxon Valdez,* 102 F.3d 429, 431-32 (9th Cir. 1996), where the court upheld a
26   denial of a motion for voluntary dismissal when plaintiffs (1) refused to cooperate in
     discovery altogether and (2) filed their individual actions long *after* the filing of the
27   class action that they sought to join.

28                                            8

1   the partners and associates at Wilson, Sonsini, Goodrich & Rosati ("WSGR")

2   who have purportedly worked on this action since the law firm assumed

3   representation in November of 2006.   Instead, it has supplied only a declaration

4   from senior counsel (David H. Kramer), which summarily lists work

5   accomplished and the attorneys' hours spent thereupon.   This declaration

6   "evidence" is insufficient for the Court to make an accurate determination of a

7   fee award and presupposes a finding that the fee request is unreasonable. *See,*

8   *e.g., Wininger v. SI Mgmt. L.P.,* 301 F.3d 1115, 1126 (9th Cir. 2002)

9   (referencing the "widely recognized rule that the party petitioning for attorneys'

10  fees bears the burden of submitting detailed time records justifying the hours

11  claimed to have been expended.") (internal quotation marks and citations

12  omitted).[5]

13       More significantly, much of the work that YouTube claims to be "non-

14  transferable" appears to be readily so.   For example, YouTube asserts that it

15  expended time "drafting responsive papers" to NBC's amicus brief which

16  addressed the DMCA safe harbor defense; the same defense is prominently

17  presented in the New York litigation. (*See* Kramer Decl. ¶15; Gitterman Decl.

18  ¶ 4, Ex. B.)   In addition, YouTube seeks compensation for preparation of

19  numerous discovery documents, at least some of which appear to involve

20  overlapping issues and information.   (Kramer Decl. ¶¶ 17-18.)

21       In the absence of detailed time sheets and records, the Court cannot and

22  will not attempt to perform a painstaking analysis of all of YouTube's

23  expenditures to assess whether or not they pertain to non-transferable work

24  product.   In any event, even if time sheets were provided, it is obvious to the

25  Court that the vast majority of work performed in this litigation to date will be

26

27       [5]Tur requested copies of WSGR's time sheets, but did not receive a favorable response.
    (Pizzulli Reply Decl. ¶ 9, Exs. F and G.)

28

1   useful and applicable to the claims involved in the *Viacom* and *Premier League*

2   cases, such that an award of fees and costs is unnecessary.[6]

3                             **CONCLUSION**

4        For all of the foregoing reasons, Plaintiff's Motion to Voluntarily Dismiss

5   Complaint, Without Prejudice, Pursuant to Fed. R. Civ. P. 41(a)(2) (docket no.

6   104) is GRANTED.   This action is hereby DISMISSED, without prejudice and

7   without costs or fees to Defendant YouTube.

8

9   **IT IS SO ORDERED.**

10   October 19 , 2007

11

12                      FLORENCE-MARIE COOPER, Judge

13                      UNITED STATES DISTRICT COURT

14

15

16

17

18

19

20

21

22

23

24

25

26 ————————————————————

27      [6]The Court also agrees with Tur that YouTube has done nothing to mitigate costs

28   after learning of Tur's interest in coordinating with or joining in the class action.